(164 App. Div. 64)

COOPER & EVANS CO. v. MANHATTAN BRIDGE THREE-CENT LINE.

(Supreme Court, Appellate Division, Second Department.   October 16, 1914.)

1. ACTION (§ 46*)—JOINDER OF ACTIONS.
     Where plaintiff had a cause of action for a balance due for the improvement of defendant's quasi real property, for which plaintiff was entitled to a mechanic's lien, and also a cause of action for loss of anticipated profits from defendant's alleged breach of the same contract, plaintiff was entitled to unite both claims in the same action; and equity, having secured jurisdiction to establish and enforce the lien, would retain control of the entire controversy, and award damages for the loss of the anticipated profits, and this though such issue was triable to a jury.
     [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 449, 451–468; Dec. Dig. § 46.*]

2. DISCOVERY (§ 30*) — EXAMINATION BEFORE TRIAL — CAUSES OF ACTION — JOINDER.
     Where plaintiff properly joined a cause of action to foreclose a mechanic's lien for a balance unpaid for material and labor furnished in improvement of quasi real property, and another cause of action for loss of profits because of defendant's breach of the same contract, it was no defense to plaintiff's right to examine the defendant before trial that plaintiff could not obtain a personal judgment against defendant on the branch of the case for the recovery of damages for breach of contract.
     [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 44; Dec. Dig. § 30.*]

Appeal from Special Term, Kings County.

Action by the Cooper & Evans Company against the Manhattan Bridge Three-Cent Line.  From an order vacating an order to examine defendant before trial, plaintiff appeals.  Reversed, and order for examination reinstated.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

George E. Miner, of New York City, for appellant.

Almet Reed Latson, of New York City, for respondent.

CARR, J.  In its complaint the plaintiff alleges that it entered into a contract with the defendant to furnish labor and materials at an agreed price in the improvement of the quasi real property of the defendant.  It alleges that a balance remains due and unpaid for materials and labor furnished, and that, in addition to the breach of nonpayment, the defendant unlawfully sought to terminate the contract before complete performance by the plaintiff, which it is alleged was prevented by the defendant; and the plaintiff seeks to recover damages, also, for the loss of the anticipated profits.  Many of the essen-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

149 N.Y.S.—28

tial allegations of the complaint are put in issue by the answer. The plaintiff obtained, ex parte, an order for the examination of the defendant before trial. After a hearing, this order was vacated, and the plaintiff now appeals from the order of vacation.

The action was brought primarily to establish and foreclose a mechanic's lien on the quasi real property of the defendant. The attempted examination before trial of the defendant related to matters connected with the plaintiff's claim of loss of anticipated profits. It is the theory of the respondent that in this action no personal judgment can be obtained against the defendant on this branch of the plaintiff's case, and that the order for the examination before trial was granted improvidently. This court has so recently declared its attitude as to examinations before trial that it is unnecessary to discuss the general question so soon again. Tisdale Lumber Co. v. Droge, 147 App. Div. 55, 131 N. Y. Supp. 683.

[1] It may be conceded that the damages for the loss of anticipated profits do not furnish a basis for the establishment of a mechanic's lien. The appellant does not so claim. Its complaint, however, does claim damages for labor and materials actually furnished at an agreed price, and as to them a mechanic's lien may be established on sufficient proofs. Hence the complaint gives the court jurisdiction in equity to establish and enforce a lien. Now, the claim of the plaintiff for damages for loss of anticipated profits arises from an alleged breach of the same contract upon which it claims damages for nonpayment for work and materials actually furnished. Sound and very familiar rules of pleading require that the complaint should unite in one action all the completed causes of action arising out of the same contract. A failure so to do might result disastrously as to the cause of action omitted. Goldberg v. Eastern Brewing Co., 136 App. Div. 692, 121 N. Y. Supp. 465, and cases cited. Having acquired equity jurisdiction to establish and enforce a lien as to some part of the contract between the parties to the action, the court, in equity, can retain control of the entire controversy, and give judgment finally determining the same. Miller v. Edison El. Illuminating Co., 184 N. Y. 17, 76 N. E. 734, 3 L. R. A. (N. S.) 1060, 6 Ann. Cas. 146; Robbins v. Clock, 59 Misc. Rep. 289, 112 N. Y. Supp. 246; Id., 131 App. Div. 917, 115 N. Y. Supp. 1142; Id., 203 N. Y. 603, 96 N. E. 1128.

[2] It is argued that the decision at Special Term is in harmony with the views of this court in Mowbray v. Levy, 85 App. Div. 68, 82 N. Y. Supp. 959. In that case, however, the court had not acquired jurisdiction in equity, and it was held that it should not retain the action in order to give purely common-law relief. If the defendant should insist upon a jury trial on the question of damages for the loss of anticipated profits, no insuperable obstacle will arise in the court of equity, for this issue may be tried by a jury upon a framed issue.

The order should be reversed, with $10 costs and disbursements, and the order for examination before trial should be reinstated. All concur.