9 So.2d 881

### FORD v. HENDERSON.
#### 6 Div. 42.

Supreme Court of Alabama.
Oct. 8, 1942.

Tom B. Ward, Tom B. Ward, Jr., and J. Monroe Ward, all of Tuscaloosa, for appellant.

E. W. Skidmore and Geo. M. Van Tassel, both of Tuscaloosa, for appellee.

THOMAS, Justice.

The cause of action is stated in several counts of the complaint, as amended, for breach of contract. The demurrer thereto was overruled. Among the other several grounds was that of misjoinder of causes of action. The statement of the case by

appellee is that on or about December 12, 1938, Fannie Revish, a negro woman, the mother of appellee, plaintiff in the court below, died. Carrie Henderson, the plaintiff, engaged the defendant to conduct a funeral for her mother. It was understood and agreed by the parties at that time that the funeral was to take place at Cochrane, Alabama, a town some sixty or sixty-five miles from Tuscaloosa and located in Pickens County.

Plaintiff contends that defendant agreed to take along an extra car, designated as the "family car," as a part of the funeral or burial services and also agreed to notify by the Western Union certain relatives of the deceased and plaintiff.

On December 15th, following the day upon which the burial was to take place, the plaintiff was required to raise $9 more than was originally agreed upon and as a consequence the plaintiff, the undertaker, and certain relatives and friends of the deceased were late in leaving Tuscaloosa. They were correspondingly late in reaching Cochrane, Alabama, and upon arriving at Cochrane ascertained that none of the relatives and friends had received wires in regard to the death of Fannie Revish, or had heard anything of her death; no grave was dug and no preparations had been made for the funeral. It was therefore necessary to postpone the funeral until the following day and the defendant's employee who was in charge of the hearse left the body at the home of a friend of the plaintiff's and returned to Tuscaloosa. Plaintiff and some of her friends conducted the funeral and burial the next day without the services of defendant or of any other mortician.

Plaintiff brought suit in the Circuit Court of Tuscaloosa County, Alabama, based on the failure of defendant to perform the burial services that he had agreed to do and recovered a judgment of $50.

■■ It is established in this jurisdiction, as appellant asserts as to actions in tort, that separate and distinct torts, inflicting separate and several injuries, each furnishing a separate and distinct cause of action, to which there may be separate and different defenses, may be joined in the same complaint, but should be presented by separate counts. Further, that a pleading is construed more strongly against the pleader when challenged by demurrer. McDougal v. Alabama Great Southern R.

Co., 210 Ala. 207, 97 So. 730; Peck v. Henderson, 218 Ala. 233, 118 So. 262. See, also, Bridwell v. Brotherhood of Railroad Trainmen, 227 Ala. 443, 150 So. 338; Wilkinson v. Wright, 228 Ala. 243, 153 So. 204; Pullman Car & Mfg. Corp. v. Hamilton, 236 Ala. 209, 181 So. 244. The foregoing are constructions of the statute permitting joinder of actions ex delicto and ex contractu. The several authorities are collected in the Code of 1940, T. 7, § 220.

■ We have stated that the instant suit is for breach of contract and not for tort. Code 1940, T. 7, § 140.

The separate breaches of the contract declared in the several counts are properly joined in one count. This is the proper application of the statute and the common sense application of the same due to the fact that a series of breaches in conjunction with each other produced but a single injury arising out of the performance of defendant's duty and work under the contract as a mortician.

■ The doctrine forbidding the spliting of a cause of action for breach of a contract into several separate suits is well understood and was considered in Dawson v. Haygood, 235 Ala. 648, 180 So. 705; McNeil v. Ritter Dental Mfg. Co., 213 Ala. 24, 104 So. 230; Shell v. Pittman, 229 Ala. 380, 157 So. 205.

■ The holding under Section 5721 of Michie's Code [Code 1940, T. 7, § 140] was that where there were successive breaches of a contract, all occurring prior to the commencement of an action, all must be included and the judgment will be res adjudicata of all of them and that but one suit can be maintained for successive breaches thereof. The several duties required to be done under the contract incident to a proper burial of the dead body, depending upon the discharge of the contractual duties by the defendant as mortician, may, under the foregoing statute, be stated in the same count as elements of damage for breach of the contract.

There was no error of the trial court in overruling defendant's demurrer to said original counts and the amended count of the complaint.

The testimony was in dispute as to the failure of the mortician in performing his contract duty entering into the damage for which complaint was made and to which

the jury responded by a nominal verdict for the plaintiff.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.