47 So.2d 213

**DRINKARD et al. v. HALL.**
6 Div. 818.

Supreme Court of Alabama.
May 11, 1950.

Rehearing Denied June 30, 1950.

Harris & Harris, of Decatur, for appellants.

Finis E. St. John, of Cullman, for appellee.

LIVINGSTON, Justice.

This suit was instituted in the Circuit Court, in Equity, of Cullman County, Alabama, to foreclose a mechanic's lien or liens on two separate pieces of property, one located in the city of Cullman, and the other located in the city of Hartselle, Morgan County.

In pertinent part the bill of complaint alleges:

"2. That on, to wit: the 28th day of March, 1946, the complainant, Charles J. Hall, doing business under the firm name and style of Hall-Record Company, commenced work, pursuant to a contract entered into between the complainant and the respondents, E. L. Drinkard and E. L.

Drinkard, Jr., individually and as partners doing business under the firm name and style of Hartselle Motor Company and The Drinkard Auto and Truck Company, to furnish and install heating and plumbing for the respondents at their places of business in Hartselle, Alabama, and in Cullman, Alabama, on the following parcels of land located in the City of Hartselle, Alabama, and in the City of Cullman, Alabama, respectively, as follows, to wit:

"Beginning with the intersection of the east line of the Bee Line Highway (Bowery Street extended) and the north line of Rogers Street; thence in a northerly direction along the east line of said Bee Line Highway 120 feet, thence in an easterly direction at right angles 90° to the said Bee Line Highway to a point on the east line of Lot 54 Southwest Division, Greens map of the town of Hartselle, Alabama; thence in a southernly direction along the east line of said Lot 54, to the north line of Rogers Street, this point being the southeast corner of said Lot 54; thence in a westernly direction along the north line of Rogers Street to the point of beginning, all in NE¼ of NE¼ of Section 15, township 8, range 4 West, situated in Morgan County, Alabama, together with the improvements thereon.

"Lots No. 3 and 4 in Block No. 3 Arnold's Addition to the City of Cullman, Alabama, as shown and known on the recorded plat thereof recorded in the office of the Judge of Probate of Cullman County, Alabama, situated in Cullman County, Alabama, together with the improvements thereon.

"A copy of said contract is attached hereto and made Exhibit A and adopted as if fully set out at this point. That the complainant has carried out and performed said contract in strict compliance therewith, and that the complainant completed his work in performance of said agreement on the 16th day of July, 1947, and that on, to wit: the 31st day of December, 1947, complainant filed a verified statement of his lien in the office of the Judge of Probate of Cullman County, Alabama, and on to wit: the 10th day of January, 1948, the said lien was filed in the office of the Judge of Probate of Morgan County, Alabama, a copy of which is hereto attached and marked Exhibit B to complainant's bill and adopted as if fully set out at this point.

"3. That the respondents, E. L. Drinkard and E. L. Drinkard, Jr., are the owners of the property described herein and that there is still due from the respondents to the complainant on said contract and agreement the sum of four thousand three hundred eighty-three and 50/100 ($4,383.50) dollars, against which there is a credit of one thousand five hundred thirty ($1,530.-00) dollars, leaving a balance due and unpaid in the sum of two thousand eight hundred fifty-three and 50/100 ($2,853.50) dollars, for which amount complainant claims a lien on said described property."

The bill prays that upon a final hearing of this cause that a decree be entered decreeing the complainant to have a materialman's lien against the property described in this bill of complaint; that the correct amount of said lien be ascertained; that a sale of said property be directed by the court in its entirety and the payment therefor be applied to the satisfaction of said lien in the manner required by law. Complainant further prays for any and all other relief as may be agreeable to equity and good conscience.

The contract exhibited to the bill is in the following words and figures:

"Cullman, Alabama,
"March 28, 1946.

"Agreement between Mr. Charles J. Hall of Hall-Record Co. of Huntsville, Alabama and The Drinkard Auto and Truck Co. of Cullman, Alabama, and The Hartselle Motor Co. of Hartselle, Alabama.

"The Hall-Record Co. of Huntsville, Alabama, doing business as a plumbing and heating concern agrees to furnish and install heating and plumbing for the two above named motor concerns on a cost plus basis. They agree to list all material at cost and labor on actual construction plus a profit of 15% on material and labor.

"The Hall-Record Co. also agrees to furnish a list price of all materials needed for competitive comparison.

"The above named companies, being headed by Mr. E. L. Drinkard agree to pay

to the Hall-Record Co. the actual cost of labor and materials on a 30 day basis. The 15% profit to be paid upon completion of the two jobs.

"The Hall-Record Co. also agrees to furnish duplicate copies of all invoices to Mr. E. L. Drinkard at Falkville, Ala.

"(Correction to Par. 4) The 15% profit is to be paid as the work progresses and on a basis agreed upon by Mr. C. J. Hall and Mr. E. L. Drinkard.

"Signed: Chas. J. Hall,
   "Charles J. Hall, Representative
   "Hall-Record Co.
"Signed: E. L. Drinkard
   E. L. Drinkard, Representative
   "Drinkard Auto and Truck Co.
   "Hartselle Motor Co."
"Witness: Harry R. Bender.
"Witness: W. H. Drinkard (Bill)

The claim of lien filed in the office of the Judge of Probate of both Cullman and Morgan Counties is as follows:

"State of Alabama
"County of Cullman.

"Hall-Record Company files this statement in writing, verified by the oath of Charles J. Hall, who has personal knowledge of the facts herein set forth.

"That said Hall-Record Company claims a lien upon the following described property, situated in Cullman County, Alabama, to wit:

"Lots No. 3 and 4 in Block No.. 3, Arnold's Addition to the City of Cullman, Alabama, as shown and known on the recorded plat thereof recorded in the office of the Judge of Probate of Cullman County, Alabama, and also upon the following described property, situated in Morgan County, Alabama, to wit:

"Beginning with the intersection of the East line of the Bee Line Highway (Bowery Street extended) and the north line of Rogers Street; thence in a northerly direction along the east line of said Bee Line Highway 120 feet, thence in an easterly direction at right angle 90° to the said Bee Line Highway to a point on the east line of lot 54 Southwest Division, Greens map of the town of Hartselle, Alabama; thence in a southernly direction along the east line of said lot 54, to the north line of Rogers Street, this point being the southeast corner of said Lot 54; thence in a westernly direction along the north line of Rogers Street to the point of beginning, all in NE¼ of NE¼ of Section 15, township 7, range 4 West.

"This lien is claimed separately and severally as to both the buildings and improvements thereon, and the said land.

"That said lien is claimed to secure an indebtedness of two thousand eight hundred fifty-three and 50/100 ($2,853.50) with interest from, to wit: the 16th day of July, 1947, for material and labor.

"The name of the owner or proprietor of the said property are E. L. Drinkard, Sr., and/or E. L. Drinkard, Jr.
   "Chas. J. Hall,
   "Claimant."

The first question to be determined is whether the materialman has perfected or attempted to perfect one lien on two separate pieces of property or two separate liens, one on each of two separate pieces of property.

Appellants insist that the bill shows only one lien covering both the property located in Cullman County and the property located in Morgan County. On the other hand, appellee contends that the bill alleges the filing of a separate lien on the Cullman County property and a separate lien on the Morgan County property, which is permitted by the last phrase of section 45, Title 33, Code of 1940, and that this is a suit filed in Cullman County to foreclose or enforce the two separate liens in one proceeding.

It is to be noted that the claim of lien filed in the office of the Judge of Probate of Cullman County describes not only the property located in Cullman County but also describes the property located in Morgan County. Likewise the claim filed in Morgan County describes both pieces of property. It is also to be noted that the claim filed in Cullman County was filed on December 31, 1947, and the claim filed in Morgan County was filed January 10, 1948, both within the time provided by statute. Section 42, Title 33, Code.

Although both claims of lien filed contain a description of property not located in the county where filed, we are inclined to hold that such a description is mere surplusage. Each claim filed also claimed a lien for the entire amount claimed to be due under the terms of the contract between the parties. But this is not fatally defective in the absence of fraud, because section 41, supra, provides in part, "but no error in the amount of the demand or in the name of the owner or proprietor, shall affect the lien." Fraud will not be presumed, and the burden is on the debtor to show evil intent. Fleming v. McDade, 207 Ala. 650, 93 So. 618.

In the case of Bennett Realty Co. et al v. Isbell, 219 Ala. 318, 122 So. 337, the bill sought to enforce a lien on five separate buildings erected under distinct contracts of different dates. It was there said: "Three classes of group construction are covered by Code, § 8839 (now section 45, Title 33, Code of 1940): (a) Where 'the improvement consists of two or more buildings *united together,* situated on the *same lot* or *contiguous or adjacent lots';* (b) *'separate buildings* upon *contiguous or adjacent* lots'; (c) 'where the machinery, material, fixture, engine, boiler, work or labor, has been furnished for improvements or structures which are located on *separate tracts or parcels* of land but operated as an *entire plant or concern.'* Such buildings or improvements must be *'erected under one general contract.'* "

The holding in the case of Tallapoosa Lumber Co. v. Copeland, 223 Ala. 41, 134 So. 658, 75 A.L.R. 1325, seems to be that a single lien on several lots for the total indebtedness can be enforced only in the event the lots are contiguous or adjacent.

It is clear then that a single lien on two separate properties, one located in the City of Cullman and the other located in the City of Hartselle cannot be perfected or enforced. It is not alleged that they are contiguous or adjacent, and we judicially know that they are not so.

We hold therefore that appellee perfected two liens, one on the property located in the City of Cullman and the other on the property located in the City of Hartselle.

The further question is, can the two liens be foreclosed in one suit in the Circuit Court, in Equity, of Cullman County?

In the case of Wade v. Wyker, 171 Ala. 466, 55 So. 141, 142, the Court said: "The unity of contract, for the construction of both buildings, and the limited source from which the liens are to be satisfied, under this bill, afford such interlacing of rights, and consequently remedy, as to necessitate the joinder of the separate liens in one bill for their enforcement." The holding the case of Richardson Lumber Co. v. Howell, 219 Ala. 328, 122 So. 343, is to the same effect.

We are cited to no case nor has our search revealed one in this or other jurisdictions, where an attempt has been made to enforce two separate mechanic's liens on two separate properties located in two separate counties, although the liens arose out of a single contract between the parties. We are unable to agree that it can be done.

In the history of the development of our statutory system of mechanics' liens, it has been the basic principle thereof that the particular subject of improvement bear its own cost and not that pertaining to any other. In the case of Crawford v. Sterling, 155 Ala. 511, 46 So. 849, 850, it was said:

"The decree must be affirmed, for the reason that the notice (Civ.Code 1896, § 2731 [Code 1940, Tit. 33, § 46]), and the statement filed in the probate office (Civ. Code 1896, § 2727 [Code 1940, Tit. 33, § 41]), both exhibited with the bill, which seeks the enforcement of a materialman's lien, attempt to embrace, in each without separation, a lien on two separate lots in New Decatur. Phillips on Mech. Liens, § 376; Cocciola v. Wood-Dickerson, Co., 136 Ala. 532, 33 So. 856; Fitzgerald v. Thomas, 61 Mo. 499. The theory of our system (Civ.Code, 1896, c. 71, art. 1 [Code 1940, Tit. 33, § 37 et seq.]) is that the subject of the betterment afforded by the labor, material, or machinery furnished shall be charged with the payment therefor to the extent in interest and area defined by section 2723 [Code 1940, Tit. 33, § 37]. In other words, for a demand for labor, materials, or machinery applied to the im-

provement of real estate, there are as many separate liens as there are separate lots of the area described in the statute, unless, perhaps, a building as a unit rests upon two or more lots. The lien is a creation of law, and not of contract; and, whatever the contract under which the improvements are made, the law, and not the contract, determines the character, extent, and number of liens possible of enforcement.

"It follows that each lien must be perfected by a separate compliance with the statutory requirements; so that in no event will improvements on separate lots, justifying a separate lien for each, be confused. The notice and statement do not conform to the statutes, and, under their letter, any possible lien was lost."

This statutory scheme has now been enlarged so as to allow one joint lien upon several buildings situated on the same lot, or on lots which are contiguous or adjacent to each other. It has been held that if the lots touch they are contiguous and that if they lie close together they are adjacent, even though they do not touch. Tallapoosa Lumber Co. v. Copeland, supra.

It is manifest that the liens here involved have no relation to each other, except such as may be found in the debt or portions of debt each was perfected to secure. While it is true that, for the purpose of an action to recover a personal judgment only, the debt must be regarded as a whole and can be the subject of one action only, we do not think it follows that separate liens upon properties in separate counties, each securing a specific separate portion of a debt, can be said to be liens securing the same debt for the purpose of foreclosure. The separation of the debt for the purpose of security, as must be done under our system, except in the case and under the circumstances provided by our statute, we think renders such portion of the debt, so far as security alone is concerned, a separate debt, and the liens having no other relation to each other, their foreclosure would be local to the county wherein the property lies. The demurrer raising the point should have been sustained.

The demurrer also takes the point that the bill of complaint fails to allege what portion of the material and labor furnished went into the separate properties. Proof alone of this fact is not sufficient, and the bill is demurrable in that regard.

The cause is reversed and remanded.

Reversed and remanded.

FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.

BROWN, J., dissents in part.

GARDNER, C. J., not sitting.

BROWN, Justice (concurring in part and in part dissenting).

I concur in the opinion of the majority insofar as it holds that the filing of the claim of lien was in compliance with the statute and was sufficient to create a lien on both of the properties.

I also concur that the bill should allege the cost of the material, work and labor furnished for each of said properties which must carry their own burden.

But I am of opinion that the bill was well filed and that the Cullman Circuit Court, in Equity, acquired jurisdiction, not only to enforce the liens separately on each of said properties and, if the lien failed for any purpose, could render a personal decree against the respective contractees who received the benefit of the work and labor. Lockhart v. O'Neal, 253 Ala. 254, 44 So.2d 17; Code of 1940, Title 7, section 294.

The work and labor done and material furnished having been performed and furnished under a single contract, the debt created was a unity, and the complainant has no power to split up one entire demand in several suits to enforce several liens therefor. Nor can the owner of the property object that complainant seeks to enforce its liens on all of the houses in a single proceeding. 57 Corpus Juris Secundum, Mechanics' Liens § 272, page 880; Thomas v. Board of Trustees of Illinois University, 71 Ill. 310; 40 Corpus Juris, page 377, note 13.

"An entire contract or entire claim or demand arising out of contract cannot be

split up and made the subject of different actions. Only one action can be brought to recover for a single breach or for several breaches of a single and indivisible contract, * * *." 1 Corpus Juris Secundum, Actions § 103, page 1316; South & North Alabama R. R. Co. v. Henlein & Barr, 56 Ala. 368. Ford v. Henderson, 243 Ala. 274, 9 So.2d 881; Code 1940, Tit. 7, § 140.

"It is proper to join in one action a claim for a mechanic's lien for labor and materials actually furnished and for damages for loss of anticipated profits from breach of the same contract on which the labor and materials were furnished, and a failure to join them might result disastrously as to the cause of action omitted." Cooper & Evans Co. v. Manhattan Bridge Three-Cent Line, 164 App.Div. 64, 149 N.Y.S. 433, 1 Corpus Juris Secundum, Actions, § 103, note 79, page 1316.

This rule is applied to mechanic lien cases by Missouri courts, the state from which our statute was borrowed. Berkshire v. Hall, Mo.App., 202 S.W. 414; McNeil v. Ritter Dental Mfg. Co., 213 Ala. 24, 104 So. 230.