Howard F. MILLER and Mildred Miller,
Appellants,

v.

Norman JOHNSON and Edna Johnson,
Appellees.

No. 96.

Supreme Court of Alaska.

March 3, 1962.

Rehearing Denied April 11, 1962.

Howard F. Miller and Mildred Miller,
appellants, in pro. per.

Peter B. Walton, of Connolly & Walton,
Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND
and AREND, JJ.

DIMOND, Justice.

The Millers appeal from an order dismissing their action against the Johnsons. Their complaint alleged that they had a written agreement to construct a dwelling for the Johnsons, and that the latter had breached the contract by refusing to allow the Millers to complete the construction and by refusing to make payments due according to the terms of the agreement. Damages were sought in the amount of $150,000 for loss of business reputation and credit, and for injury to the health of the Millers.

The Johnsons moved to dismiss the action on two grounds: (1) that the complaint failed to state a claim upon which relief could be granted, and (2) that there was another suit pending between the same parties involving the same transaction. The judge granted the motion with a brief, perfunctory order which doesn't inform us as to which of the two grounds for dismissal he relied upon, or whether he considered both sufficient. We are obliged, therefore, to deal with both of them.[1]

1. Where more than one ground is advanced in support of the motion, it would assist this court if the trial court would briefly state its reasons for dismissing an action.

### 1. *Failure to State a Claim.*

The asserted basis for saying that the complaint did not state a claim for relief is this:

(a) When one breaches a contract he can be held responsible only for such consequences as may be reasonably expected to have been in the contemplation of the parties at the time of making the contract.

(b) Such consequences did not include loss of reputation and credit and injury to health.

(c) Therefore, the complaint did not allege any damage that could be awarded as a result of breach of contract.

This argument assumes that the damages sought by the Millers could not reasonably have been contemplated by the parties as a result of breach of the contract. But that is merely an assumption, and nothing else. The record does not tell us, nor could it have told the court below, what was contemplated by the parties when the contract was made.

The court was not dealing with a motion to dismiss which could be treated as a motion for summary judgment[2], because it did not have before it any depositions, affidavits, admissions or other matters from which it could determine as a matter of fact that the damages claimed could not reasonably have been contemplated by the parties. All the court had before it was the complaint and the motion to dismiss, and an affidavit of the Johnsons which alleged facts relevant only to the pendency of another action between the same parties.

In this state of the record, the action was not subject to dismissal on the basis of the allegation of damages. Under Civ.R. 8(a) it was necessary for the complaint to contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." The Millers' complaint was in accordance with this rule. The "claim" that was stated was for breach of contract. The Millers demanded judgment for the relief to which they considered themselves entitled. That such relief may not be the kind to which they are in fact entitled to obtain is of no significance in determining whether there has been sufficiently stated a claim upon which *some* relief may be granted. This seems clear from the provisions of Civ.R. 54(c) where it states that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in his pleadings.*" (Emphasis ours.)[3]

Thus, whether or not the Millers are entitled to recover damages for an alleged breach of contract was to be determined, not on the basis of their allegation or theory of damages, but on the basis of the facts as to damages brought out in a summary judgment proceeding or at the trial. They should be denied relief only when, under the facts proved, they are entitled to none.[4] The action should not have been dismissed on the ground of failure to state a claim.

### 2. *Pendency of Other Action.*

The Millers had previously commenced a separate action against the Johnsons to foreclose a lien for labor and materials in connection with the same building contract. That suit was pending at the time the second action was dismissed.

2. Civ.R. 12(b) provides in part: "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

3. Ring v. Spina, 148 F.2d 647, 653 (2d Cir. 1945); United States v. St. Regis Paper Co., 106 F.Supp. 286, 291 (S.D. N.Y.1952).

4. Nester v. Western Union Telegraph Co., 25 F.Supp. 478, 481 (S.D.Cal.1938), rev'd on other grounds 309 U.S. 582, 60 S.Ct. 769, 84 L.Ed. 960 (1940).

■ As a separate ground in urging dismissal, the Johnsons invoked the rule which forbids one to bring more than one action upon a single claim. That is a rule of long standing.[5] It is based upon the policy of the law to protect a defendant against harassment by a multiplicity of suits,[6] and to require parties to settle their controversies in a single action, if practicable.[7]

■ That rule should be applied in this case. The damages sought in the lien foreclosure suit were not the same as those sought in this case. But they were both based on the same claim a breach of the building contract. There was no obstacle to combining the two allegations of damage in one action; for under the "one form of action" prescribed by the rules of civil procedure [8], one may, and in fact should, join in a single action his demand for lien foreclosure and his demand for consequential damages, when both grow out of the same transaction.[9]

■ Although dismissal of this action was justified since it arose from the same transaction that formed the basis of the prior action, the order of dismissal should not have been "with prejudice". Under Civ.R. 41(b) this operated as an adjudication on the merits.[10] If such adjudication would not be a complete defense to the pending lien foreclosure action on the

grounds of res judicata,[11] it would at least be an obstacle to the Millers amending their complaint in that action to assert their demand for consequential damages for breach of contract. Whether such damages are recoverable is a question which has not been litigated, and the Millers should not be deprived of reasonable opportunity to litigate that issue if they choose to do so.

■ The Millers also claim that since they had no counsel to represent them in the proceedings below, they received unfair treatment and were deprived of their "day in court". These charges are not substantiated by the record. On the contrary, the record shows that they were treated with consideration and fairness. When the motion to dismiss first came on for hearing, the judge continued the matter for two weeks in order to give the Millers opportunity to obtain counsel, if they were able, and if not, to comply with Civ.R. 77 [12] which they had not as of that time complied with. The judge also pointed out to the Millers that he thought the motion to dismiss was well taken on both grounds, and even suggested that their claim for breach of contract ought to be asserted in the action they had previously commenced to foreclose the lien. When the matter came up two weeks later the court continued it for an additional two weeks be-

---

5. Baird v. United States, 96 U.S. 430, 432, 24 L.Ed. 703, 705 (1878); Kendall v. Stokes, 3 How. 87, 44 U.S. 87, 100–102, 11 L.Ed. 506, 513 (1845).

6. Kendall v. Stokes, supra note 5.

7. Birdville Independent School Dist. v. Deen, 114 S.W.2d 628, 632 (Tex.Civ.App. 1938).

8. Civ.R. 2.

9. Cooper & Evans Co. v. Manhattan Bridge Three-Cent Line, 164 App.Div. 64, 149 N.Y.S. 433, 434 (1914).

10. This rule provides in part: "A dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party does not operate as an adjudication upon the merits. Any other dismissal not provided for in this rule and a dismissal under this subdivision

operates as an adjudication upon the merits, unless the court in its order for dismissal otherwise specifies."

11. Kuzma v. Bessemer & Lake Erie R. R., 259 F.2d 456, 457 (3d Cir. 1958); Esquire, Inc. v. Varga Enterprises, Inc., 185 F.2d 14, 17 (7th Cir. 1950).

12. Civ.R. 77(e) (2) provides that "Not less than 2 days prior to the hearing of a motion, the opposing party shall serve the following:
    "(i) Copies of all photographs, affidavits and other documentary evidence upon which he intends to rely, together with a brief, complete written statement of reasons in opposition to the motion, which shall include a memorandum of points and authorities in support of such statement; or
    "(ii) A written statement that he will not oppose the motion."

cause the Millers still had not complied with the rule. It was at the expiration of this second continuance that the court granted the motion to dismiss, after affording the Millers the opportunity to be heard. We find that the court below showed a scrupulous regard for the Millers' rights.

The judgment is modified to provide for dismissal without prejudice, and as so modified is affirmed.