Ernest O. LITTON and Helen V. Litton,
Appellants,

v.

Vern HILTZ, Appellee.

No. 389.

Supreme Court of Alaska.

Feb. 24, 1964.

Arthur D. Talbot, Anchorage, for appellants.

No appearance for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Appellee brought this action to quiet title to land he had purchased at a tax sale. Appellants filed a counterclaim alleging that they were owners of certain parcels of the land involved and that appellee's possession was unlawful. The relief sought by appellants in their counterclaim was to eject appellee from the land in dispute and to recover damages. The superior court denied the counterclaim and dismissed the action as to the appellants. Appellants ask us to reverse the superior court's decision and remand the case for an adjudication of the claims of the parties as raised by the evidence introduced and the stipulations made at the trial.

In disposing of this case as he did the judge said that he was of the opinion that there were numerous defects in the tax sale proceedings which could not survive a valid attack upon them by a proper party. He concluded, however, that no such valid attack had been made by appellants' counterclaim, and apparently for that reason, denied the counterclaim, dismissed the action as to appellants, and permitted appellee to maintain possession of the land in controversy.

One reason assigned by the judge for his conclusion that appellants' counterclaim was insufficient was that appellants were seeking to eject appellee and recover possession of the land, instead of seeking relief in equity to cancel appellee's tax deeds. This was not a sound basis for the course of action taken by the judge. Appellants should be granted whatever relief

the evidence shows they are entitled to, regardless of the theory upon which their counterclaim was based.[1] From the record it is clear that one of the main issues in the case was whether the tax sale proceedings, which formed the basis for appellee's possession and claim of title to the land, were void. The judge ought to have disposed of that issue, even though appellants in their prayer for relief in their counterclaim had not demanded that appellee's tax deeds be cancelled and declared void.[2]

The judge's decision appears to have been based also upon the fact that appellants had not deposited with the court, in compliance with section 16–1–131 A.C.L.A.1949, moneys representing the amount of taxes which appellee had paid on the land subsequent to the sale.[3] The judge recognized that section 16–1–131 had been repealed in 1957 and therefore was not in effect when appellants' counterclaim was filed in 1962. But he held that the repeal was ineffective so far as the rights of the parties were concerned, because those rights had become fixed at the time of the tax sale which had taken place three years before the statute was repealed.

The judge was mistaken in holding that the repeal of section 16–1–131 was ineffective in this case. After that statute was repealed, it was no longer necessary for one seeking to recover land sold for taxes to tender and pay into court the amount of taxes that the purchaser at the tax sale may have paid on the land he purchased. In Bidwell v. Scheele[4] we held that section 16–1–131 had not conferred upon a tax-sale purchaser any vested right in the

payment of these moneys into court as a condition precedent to an attack on his tax title.

The judgment is reversed. The case is remanded with directions to adjudicate and dispose of all issues properly before the court, including those which may not have been raised by the pleadings but which were nevertheless presented by the evidence and by stipulation of the parties.

1. Brayton v. City of Anchorage, Opinion No. 171, 386 P.2d 832, 833 (Alaska 1963); Mitchell v. Land, 355 P.2d 682, 687 (Alaska 1960); Miller v. Johnson, 370 P.2d 171, 172 (Alaska 1962).

2. Miller v. Johnson, supra, note 1; Wilson v. Interior Airways, Inc., Opinion No. 151, 384 P.2d 956, 958–959 (Alaska 1963).

3. Section 16–1–131 A.C.L.A.1949 provided: "In any action, suit, or proceeding for the recovery of lands sold for taxes under the provisions of this act * * * the party claiming to be the owner against the holder of the tax title must with his complaint or answer tender and pay into the court the amount of taxes for the payment of which the lands were sold * * * and also any taxes the grantee in said tax deed or certificate, or the purchaser, may have paid on said lands, with interest thereon * * *."

4. 355 P.2d 584, 586–587 (Alaska 1960).