This is an appeal from Jefferson County Circuit Court, Birmingham Division, holding that suits establishing and enforcing materialmen's liens on parcels of real property located in different counties, and in different divisions within one county, must be brought separately in the county and division where the land is situated, although the causes of action arise out of contracts of indebtedness with the same party.
The facts are undisputed. United Supply Company furnished building supplies to Hinton Construction and Development, Inc., for use on separate parcels of land owned by Hinton, located in both Shelby and Jefferson County. In seeking to establish liens on the property, United Supply complied with Code 1975, §35-11-213, by filing verified statements of liens in the probate judge's office of the county where each parcel of land lay; namely, in the offices of the Judge of Probate of Shelby County, of Jefferson County, Bessemer Division, and of Jefferson County, Birmingham Division.
United Supply filed its complaint in the Circuit Court of Jefferson County, Birmingham Division, seeking establishment of the liens and a sale of all the property described in the statements in satisfaction of the balance due on the building materials. The property sought to be sold consisted of eight lots located in Shelby County, three lots in Jefferson County situated within the Bessemer Division, and three lots in Jefferson County situated within the Birmingham Division. *Page 1048 
The Jefferson County Circuit Court, Birmingham Division, dismissed that part of United Supply's suit seeking to establish liens on real property located within Shelby County and within Jefferson County, Bessemer Division, reasoning that pursuant to Code 1975, § 35-11-221, those causes of action must be filed in the county and division where the land lies. Accordingly, the court held that the Birmingham Division of the Jefferson County Circuit Court was without subject matter jurisdiction to entertain suits involving land not located within its territorial borders. In the final judgment, it was ordered, inter alia, that liens be established and enforced in favor of United Supply only on those three lots located within the Birmingham Division of Jefferson County. We affirm.
The issues on appeal are (1) whether suits to establish and enforce materialmen's liens on parcels of real property situated in separate counties may be joined in one civil action; (2) whether suits to establish and enforce liens on parcels of real property located within the Bessemer Division and within the Birmingham Division may be joined in one civil action in the Jefferson County Circuit Court. We answer both questions negatively.
United Supply argues that merely venue questions are involved, which may be easily resolved under Rule 82 (c), ARCP. This rule provides that suits may be brought in any county where any one of the causes of action may properly be brought. United Supply joined in one civil action all of the liens it sought to establish. Since the court determined that it had jurisdiction to establish a lien on that property located within the Birmingham Division, United Supply contends that Rule 82 (c), ARCP, dictates that the court should also adjudicate those claims to property located in Shelby County and in Jefferson County, Bessemer Division.
Hinton argues that where the causes of action are brought is a jurisdictional issue, squarely answered in Code 1975, §35-11-220, stating that an action for enforcing liens must be brought in the court having jurisdiction in the county where the property is situated. Hinton concludes, therefore, that United Supply's causes of action on the Shelby County and Bessemer Division properties were properly dismissed because the Birmingham Division court did not have subject matter jurisdiction over that property. Moreover, it points out that Rule 82 (c), ARCP, expressly provides that the rules shall not extend the jurisdiction of the courts.
Prior to our analysis of these arguments, we note that United Supply has three liens which it seeks to join in one enforcement proceeding, rather than one lien to be enforced on several parcels of property located in different counties. This conclusion is reached by observing that the lien instrument filed in a particular county listed only property in that county. It is also significant that the amount of the debt ascribed to each lien instrument is different. The relationship of the lien instruments to each other exists only in establishing an aggregate sum due. Drinkard v. Hall, 254 Ala. 105, 47 So.2d 213 (1950). It is important for us to determine that there are three liens involved and not just one, because a single lien held upon separate properties which are neither contiguous nor adjacent, and which are located in separate counties, cannot be perfected or enforced. Drinkard.
 I.
Having established that three separate liens are involved, we must now determine the central issue of whether they were properly joined in one action in the Birmingham Division of Jefferson County Circuit Court, although all the property is not located within that county or division. In resolving whether joinder was proper there, we must initially determine whether jurisdiction was proper in Jefferson County. Code 1975, § 35-11-220 reads:
 When the amount involved exceeds $50.00, actions for enforcement of [mechanics' and materialmen's] liens . . . may be brought in the circuit court having jurisdiction in the county in which the *Page 1049 
property is situated. In all other cases actions to enforce such liens shall be brought before the district court in the county in which the property is situated.
From this language we conclude that "the county in which the property is situated" is a jurisdictional mandate for properly bringing the action in either circuit or district court.
Tracking the requisites of the statute, we hold that jurisdiction is proper in Jefferson County Circuit Court as to that land located within that county, suspending for the moment a resolution of the issue of the Birmingham and Bessemer division courts. The amount claimed exceeds $50.00; therefore, it was entirely within United Supply's prerogative to elect to bring its suit in circuit rather than district court. Whichever court is elected, the statute specifies that it must be located in the county where the land is situated. Therefore, Jefferson County Circuit Court had the jurisdiction to adjudicate those causes of action on lots located within that county.
We must next determine whether the cause of action on the Shelby County property may be joined with the Jefferson County action, by employing Rule 82 (c), ARCP. We hold that joinder is improper because of the jurisdictional mandate of § 35-11-220, that the court adjudicating the action must be located in the same county as the land. Obviously, when the land is located within Shelby County, filing an action in Jefferson County Circuit Court does not meet that requirement. The jurisdictional directive is distinguishable from the general venue rule of Rule 82 (c), because without subject matter jurisdiction the court is powerless to render a binding judgment. Venue, on the other hand, is designed for the convenience of the parties, but does not give the court power to resolve the dispute.
In Drinkard v. Hall, 254 Ala. 105, 47 So.2d 213 (1950), this court disallowed joinder in one county circuit court of foreclosure of two liens on property located in different counties, stating:
 We are cited to no case nor has our search revealed one in this or other jurisdictions, where an attempt has been made to enforce two separate mechanic's liens on two separate properties located in two separate counties, although the liens arose out of a single contract between the parties. We are unable to agree that it can be done.
254 Ala. at 109, 47 So.2d 213.
 II.
United Supply also seeks to join in one action in the Circuit Court of Jefferson County, Birmingham Division, claims on separate property located within the Bessemer Division and within the Birmingham Division. Because neither the jurisdiction statute, § 35-11-220, nor the venue rule, Rule 82, ARCP, deals squarely with this type of joinder, our attention must be drawn to the local act creating the Bessemer Division Court.
The Bessemer Division Court was originally created in 1893, Local Act No. 281, at 669. In 1901, Local Act No. 1055, at 2443, abolished that division court until 1919, when Local Act No. 213, at 62, re-created it. The 1919 re-creating Act was amended twice, but in all material respects the Act has remained intact "[t]o better provide for holding the Circuit Court of the Tenth Judicial Circuit at Bessemer. . . ."
Section 2, Local Act No. 213, is pertinent to the question of whether actions to enforce liens arising within the Bessemer territory must be heard in that division court. Section 2, as amended, provides:
 The said Circuit Court of the Tenth Judicial Circuit, holding at Bessemer, as in this Act provided, shall have, exercise and possess all of the jurisdiction and the powers which are now or which may hereafter be conferred by law on the several Circuit Courts of this State, which said jurisdiction and powers shall be exclusive in, limited to, and extend over that portion of the territory of the County of Jefferson, which is described as follows, to-wit: [next ensues a metes and bounds description of what is commonly referred to as the Bessemer Cut-Off]. . . . *Page 1050 
We opine that the legislature, in enacting Section 2, Local Act No. 213, in effect created two circuit courts within one county. By the Act, the Circuit Court holding in Bessemer was given the same power exercised by the Tenth Judicial Circuit, but it could exercise such power only for actions arising in its territorial boundary. In the instant case, United Supply filed a lien in the probate court of Bessemer, on land located squarely in the Bessemer Division.
Having determined that the legislature intended to create two circuit courts in Jefferson County, we must reach the inescapable conclusion that the suit to enforce a lien must be filed in the division in which the land lay. Drinkard v. Hall,254 Ala. 105, 47 So.2d 213 (1950). This is consistent with our conclusion that a suit to foreclose a lien in Shelby County could not be filed in the Jefferson County Circuit court.
Because this is a jurisdiction, and not a venue question, Rule 82 (c), ARCP, is inapposite. The Jefferson County Circuit Court, Birmingham Division, did not err in dismissing these causes of action on property located within Shelby County and in the Bessemer Cut-Off. Accordingly, this cause is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.