Ethel B. HILL Plaintiff,

v.

UNITED INSURANCE CO. OF AMERICA, et al., Defendants.

Ethel B. HILL Plaintiff,

v.

UNITED INSURANCE CO. OF AMERICA, et al., Defendants.

Ethel B. HILL Plaintiff,

v.

UNITED INSURANCE CO. OF AMERICA, et al., Defendants.

Nos. CIV. A. 97–A–1776–N, CIV. A. 98–A–124–E and CIV. A. 98–A–125–E.

United States District Court, M.D. Alabama, Northern Division.

March 17, 1998.

Allen W. Howell, Montgomery, AL, Fred D. Gray, Jr., Tuskegee, AL, for Plaintiff.

William H. Brooks, Mac M. Moorer, Birmingham, AL, for Defendants.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on three Motions to Remand filed by the Plaintiff, Ethel B. Hill, a Motion to Consolidate filed by Defendants Union National Life Insurance Company and United Insurance Company of America, and a Motion to Strike and for Costs, filed by the Plaintiff. Although the Plaintiff has opposed the Motion for Consolidation, the Plaintiff has agreed to the consolidation of the three cases for purposes

of remand only. Therefore, the court will address all of the pending motions in the three cases in one Memorandum Opinion and one Order.

The Plaintiff filed a Complaint against the Defendants in the Circuit Court of Macon County, Alabama on December 5, 1997, bringing one Count for breach of contract and one count for fraudulent misrepresentation. This Complaint was removed by the Defendants on December 30, 1997. On January 26, 1998, the Plaintiff filed two separate Complaints in Macon County, Alabama. In each Complaint, the Plaintiff brings one Count for breach of contract and one Count for bad faith against the Defendants based on two different claims for benefits which were made under the same health insurance policies. These Complaints were removed to the Middle District of Alabama on February 6, 1998. The Plaintiff subsequently filed Motions to Remand in all three cases.

In arguing against the Motions to Remand, the Defendants pointed out to the court that there were three pending cases and argued that the Plaintiff could not proceed on three separate cases. The Plaintiff responded to this argument by Moving to Strike the Defendants' brief, arguing that it was without substantial justification, and requesting an imposition of costs and attorneys' fees. On February 11, 1998, the Defendants filed a Motion to Consolidate the three cases.

For reasons to be discussed, the Plaintiff's Motions to Remand are due to be granted.

## II. *FACTS*

The facts relevant to the motions currently pending, as alleged by the Plaintiff, are as follows:

The Plaintiff alleges that in 1977, she purchased a life insurance policy on the life of her nephew, Jerome Horn, Jr., from the Defendants. According to the Plaintiff, the Defendants represented to her that in twenty years, the insurance policy would have a cash value of $1,000. After paying premiums for twenty years, the Plaintiff sought to cash in the life insurance policy. The Defendants issued the Plaintiff a check for $227.00, not $1,000 as the Plaintiff expected. Based on these actions, the Plaintiff filed a Complaint for breach of contract and fraudulent misrepresentation.

The Plaintiff has also alleged, in a separate Complaint, that she purchased four medical insurance policies from the Defendants. According to the Plaintiff, she had surgery in September of 1997, and the Defendants refused to pay all of her claims under the insurance policies. Based on this alleged conduct, the Plaintiff filed a Complaint bringing claims for breach of contract and bad faith. In a third Complaint, the Plaintiff alleges that she was admitted to the hospital from May 27, 1997 until June 1, 1997, and that the Defendants refused to pay all of her claims under the insurance policies. Based on this alleged conduct, the Plaintiff filed a Complaint bringing claims for breach of contract and bad faith.

## III. *REMAND STANDARD*

■ Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 114 S.Ct. at 1675. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## IV. *DISCUSSION*

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction over a cause of action when citizens of different states are involved in the suit and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See id.* Therefore, where the parties are diverse

and the amount in controversy is sufficient, a defendant has a right, granted by statute, to remove an action from state court and avail itself of a federal forum. *See* 28 U.S.C. § 1441. In this case, the parties do not dispute that removal was proper based on complete diversity of the parties, but do disagree over whether the jurisdictional amount has been met.

In *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir.1994), the Eleventh Circuit explained that where a plaintiff limits his claims to an amount below the jurisdictional limit of the federal court, the defendant must show to a "legal certainty" that the plaintiff's claims exceed the jurisdictional amount in order to remove.[1] This burden reflects the notion that the plaintiff has the right to choose his or her own forum, for "plaintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy." Wright & Miller, 14A Federal Practice & Procedure § 3702. The burden placed on the defendant is heavy, although not impossible. *Burns*, 31 F.3d at 1096. The defendant may remain in federal court as long as it demonstrates to a " 'legal certainty' that the plaintiff would not recover less than [the jurisdictional amount] if she prevailed." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir.1996).

The Defendants make essentially two arguments to support diversity jurisdiction over the Plaintiff's claims: (1) each Complaint meets the jurisdictional amount on its face, and (2) the three Complaints must be considered together to meet the jurisdictional amount. The Plaintiff disputes both of the Defendants' theories.

The Defendants' argument that each Complaint meets the jurisdictional amount on its face is based upon the relief which the Plaintiff has requested for the counts named in her Complaints. In each Complaint, the Plaintiff requests a specific amount of money at the end of her breach of contract count, and then requests a different amount at the end of her tort claim count. For instance, in Civil Action 97–A–1776–N, the Plaintiff requests $75,000 in compensatory and punitive damages, plus interest and court costs, for fraudulent misrepresentation, and requests $547.00, plus interest and court costs, for breach of contract. In Civil Action 98–A–124–E, the Plaintiff requests $744.00, plus 1½ % interest and costs, for breach of contract, and $75,000 in compensatory and punitive damages, plus 1½% per month interest and costs of court for bad faith. In Civil Action 98–A–125–E, the Plaintiff requests $330.00, plus 1½% interest and costs, for breach of contract, and $75,000 in compensatory and punitive damages, plus 1 ½% per month interest and costs of court for bad faith.

According to the Defendants, because the Plaintiff's requested breach of contract damages must be added to her requested tort claim damages, the Plaintiff's Complaints meet the jurisdictional amounts. The Plaintiff responds that she seeks a total of $75,000 plus interest and costs and that, even if she could recover separately under her breach of contract theory and her tort theory, she disclaims her ability to have a double recovery for contract damages. Response to Defendants' Brief in Opposition to Plaintiff's Motion to Remand (Case No. 97–A–1776) at ¶ 3.

The parties have cited the court to district court opinions which have addressed the issue of aggregation of separate requests for relief. The Defendants point to an unpublished decision in which a court in the Northern District of Alabama has reasoned that a plaintiff's claims for relief can be aggregated because the plaintiff could prevail on multiple counts. *See Pipes v. American Security Ins. Co.*, CV–96–H–206–NE, Slip. Op., 1996 WL 928197 (N.D.Ala. February 29, 1996). This reasoning has also been adopted by a Florida district court. *See Howard v. Globe Life Ins. Co.*, 973 F.Supp. 1412 (N.D.Fla.1996)(agreeing that claims for relief may be aggregated where there could be recovery under multiple counts).

The Plaintiff, on the other hand, has cited this court to an unpublished decision by another court in this district. *See Hale v. American Modern Home Insurance Co.*,

---

**1.** The *Burns* court emphasized that the court would "assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception." *Burns*, 31 F.3d at 1095.

CV–96–T–993–N, Slip. Op. (M.D.Ala. Aug. 2, 1996)(Thompson, J.). In *Hale*, the court reasoned that the damages for the breach of contract claim would be subsumed in the bad faith claim, which was specified as being below the jurisdictional amount. *Id.* at page 2. This reasoning has also been adopted by Judge DeMent of this district. *See Hall v. Eagle American Insurance Co.*, CV–97–D–444–E, Slip. Op. (M.D.Ala. May 30, 1997). The parties have argued that this court must chose which persuasive authority to follow.

Upon close reading of the cases cited by the parties, the court concludes that the reasoning of the cases is not in conflict, but reconcilable. In *Pipes*, the Northern District based its conclusion on the general proposition that the value of all claims by a single plaintiff against a single defendant can be added together to determine the jurisdictional amount. *See Pipes*, Slip Op. at page 2. The plaintiff in *Pipes* sought restitutionary damages for violation of Alabama's mini-code, and also sought compensatory and punitive damages for fraud. *Id.* at 3. The *Pipes* court reasoned that since there could be recovery under both counts, the plaintiff's stated claims for relief under the separate counts could be added together, so that the complaint met the jurisdictional amount on its face. *Id.* at 4.

■ Relying on this case, the Defendants argue that the Plaintiff in this case can recover on her contract and fraud, so these counts should be aggregated. As clear as it is that a plaintiff may recover both in contract and tort for the same events, it is also clear that a plaintiff may not get a "double recovery" for compensatory damages based on breach of contract. *See Deupree v. Butner*, 522 So.2d 242, 244 (Ala.1988); *Combined Services, Inc. v. Lynn Electronics Corp.*, 888 F.2d 106 (11th Cir.1989). In other words, whatever items of damage are compensated for as damage resulting from the breach of contract may not also be compensated for as damages in a tort claim.

■ Unlike *Pipes*, in this case, the Plaintiff has stated in her Complaint that "[a]s a proximate result of the said misrepresentation, the Plaintiff paid $547.20 in premiums on said policy over a twenty year period of time, and was caused to suffer emotional distress and/or anguish, and was caused to lose the interest earnings on her money during the twenty years that she paid money to the Defendants." Plaintiff's Complaint in CV–97–A–1776–N, ¶ 11. In other words, the Plaintiff has included within the $75,000 which she seeks for fraud the $547.20 which she seeks for breach of contract. The Plaintiff cannot recover for the same breach of contract damages under both counts. *See Deupree*, 522 So.2d at 244. Therefore, the total which she seeks in her Complaint is $75,000. In addition, the court finds it significant that the Plaintiff's attorney has also stated that she does not intend to seek a double recovery.

■ As to the Plaintiff's claims for breach of contract and bad faith, courts in this district have concluded that contract damages are subsumed in a claim for bad faith. *See Hall*, Slip Op. at page 3. In *Hall*, the plaintiff asked for an unspecified amount of damages for breach of contract and asked for an amount less than the jurisdictional amount for bad faith. *Id.* at 2. Judge Thompson stated that the contract damages would be subsumed in the bad faith damages so that the damages could not exceed the Plaintiff's requested $50,000 for bad faith. *See id.* Although Judge Thompson did not explain the basis for his conclusion, it is apparent upon review of Alabama law that a plaintiff's recovery for damages for bad faith necessarily includes recovery of damages for breach of contract. Generally, under Alabama law, for a bad faith claim to be presented to a jury, the plaintiff must have been entitled to a directed verdict on the breach of contract claim. *See Gonzalez v. Blue Cross/ Blue Shield of Alabama*, 689 So.2d 812, 817 (Ala.1997). Under this general rule, to recover on a bad faith claim, the plaintiff must show that he "is entitled to recover on the contract claim as a matter of law." *Id.* at 817. Because the general case requires a directed verdict for breach of contract, when the question of damages is decided by the jury, the jury can not only award damages based on the directed verdict on the breach of contract claim, but may also award additional damages if the jury finds that the contract was breached in bad faith. Therefore, compensatory damages for breach of

contract, in whatever amount is proven at trial, are not also awarded as compensatory damages for bad faith. Consequently, in this case, if the Plaintiff were to prevail on her bad faith claim, the claim for compensatory and punitive damages for bad faith would include the amount of compensatory damages which she has requested for breach of contract. Because the contract damages would be subsumed in the bad faith compensatory damages, the court concludes that the amounts requested in the Complaint may not be added together for purposes of this court's jurisdictional inquiry. Therefore, the Plaintiff's statement in her Complaint that she seeks damages in the amount of $75,000 is a statement as to the total amount of damages sought.

Because the Plaintiff cannot have a double recovery of her contract damages under her tort claims, this court concludes that the Plaintiff's Complaints seek damages which are less than the jurisdictional amount, and that the Defendants have failed to demonstrate to a legal certainty that the Plaintiff's claims are for more than the jurisdictional amount.

■ The Defendants have also argued that the Plaintiff must not be allowed to proceed on her three separate complaints and that this court should, therefore, consider the amount sought in all three complaints in determining whether the jurisdictional amount has been met. The Defendants have not explained by what mechanism or authority they contend that this court can consider the damages sought in three separate complaints, other than to point to the Alabama abatement statute. Under the Alabama statute, a plaintiff cannot be allowed to proceed on the same claim against the same defendant in two different courts. *See* Ala.Code § 6–5–440. The standard for deciding whether two actions may proceed is similar to the standard applied for res judicata; that is, whether the issues in the two actions are

the same and whether the same evidence would support a recovery in both actions. *See Sessions v. Jack Cole Co.* 276 Ala. 10, 158 So.2d 652 (1963); *H.L. Raburn & Co. v. Massey–Draughon Business College,* 388 So.2d 1225 (Ala.Civ.App.1980).

■ As the Plaintiff points out, her Complaint in civil action 97–A–1776–N relates to claims based on a life insurance contract, while her Complaints in civil actions 98–A–124–E and 98–A–125–E relate to claims based on medical insurance contracts. The Plaintiff argues that these claims are so dissimilar that the Defendants' argument that these complaints should be considered together is without substantial justification.[2] Because the only facts before the court indicate that civil action number 97–A–1776–N is based on a life insurance contract on the Plaintiff's nephew's life and is completely unrelated to the Plaintiff's claims based on her own health insurance policies, the court cannot conclude that the issues in the Plaintiff's life insurance and health insurance claims are the same.

As to the claims based on the health insurance policies, the Defendants argue that the Plaintiff cannot proceed in two different cases for breaches of the same policies. The Defendants cite *Ford v. Henderson,* 243 Ala. 274, 9 So.2d 881 (Ala.1942) in support of this proposition. However, the court does not agree with the Defendants' reading of *Ford.* While *Ford* does speak to bringing successive violations of contract in one count, in *Ford,* the court was concerned with "a series of breaches in conjunction with each other [that] produced a single injury arising out of the performance of defendant's duty" in conducting a funeral for the plaintiff's mother. *Id.* at 881–82. In this case, the Plaintiff contends that there are two separate breaches of contract on two separate occasions leading to separate injury. The court has been provided with no facts which would indicate

---

**2.** The court notes that the Plaintiff has asked that the Defendants' arguments in its supplemental submissions be stricken. Since the Plaintiff responded to these arguments, the Plaintiff's Motion to Strike is DENIED. The Plaintiff has also asked for sanctions under Rule 11. As the Defendants point out, the Plaintiff has not complied with the procedures required under Rule 11 for

imposition of sanctions. *See* Fed. R. Civ. Proc. 11(c)(1)(A). In addition, although the court has not been provided with facts or authority which persuade it to adopt the Defendants' theory, the court does not find evidence that the Defendants acted without substantial justification. The Plaintiff's Motion for Sanctions is DENIED.

that the same issues are present in both cases, nor that evidence which would allow for recovery in one case would preclude recovery in the other. Therefore, even if such facts exist in these cases, the court concludes that the Defendants have failed to establish to a legal certainty that the Plaintiff's claims are worth an amount which equals or exceeds the jurisdictional amount, rather than the amount which she has claimed in her Complaints.

Based on the facts which have been provided to the court, the court cannot conclude that the Defendants have demonstrated that the jurisdictional amount has been met in these cases. The court does not necessarily endorse the litigation strategy of the Plaintiff, but the court is bound to apply the law and to remand removed cases where federal jurisdiction is not absolutely clear.

## V.  CONCLUSION

For the reasons discussed, the court concludes that the Plaintiff has filed three Complaints in which she states claims less than the amount required for diversity jurisdiction and that the Defendants have failed to demonstrate to a legal certainty that the Plaintiff's claims exceed the jurisdictional amount. Consequently, the Plaintiff's Motions to Remand are due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.